# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-20-00015-CV

---

**Johnathan Cooper, Appellant**

**v.**

**David Schulman, Appellee**

---

### FROM THE 250TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-17-004318, THE HONORABLE ERIC SHEPPERD AND
### MAYA GUERRA GAMBLE, JUDGES PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Johnathan Cooper, acting pro se, filed a "Request for Interlocutory Appeal" in January 2020. He seeks to appeal from the trial court's orders denying his motion for appointment of counsel, writ of habeas corpus ad testificandum, motion for bench warrant, motion to admit admissions made by defendant, motion for court order to transcribe prior and current live hearings, and motion for sanctions against defendant for failure to comply with discovery. The clerk's record contains the referenced orders, but those orders are not subject to interlocutory appeal. *See* Tex. Civ. Prac. & Rem. Code § 51.014 (listing interlocutory orders that may be appealed).

On February 7, 2020, the Clerk of this Court advised Cooper that it appears that this Court lacks jurisdiction over this matter because this Court's jurisdiction is limited to appeals in which there exists a final or appealable judgment or order which has been signed by a

judge.  *See id.*; *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (explaining that "general rule, with a few mostly statutory exceptions, is that an appeal may be taken only from a final judgment"); *McKinnon v. Wallin*, No. 03-18-00612-CV, 2019 Tex. App. LEXIS 552, at *4 (Tex. App.—Austin Jan. 30, 2019, no pet.) (mem. op.) (dismissing appeal because appellant failed to identify final judgment or appealable order that would support court's jurisdiction).  The Clerk requested that Cooper file a response by February 18, 2020, explaining how this Court may exercise jurisdiction over this appeal and advised him that the failure to do so would result in the dismissal of this appeal.  *See* Tex. R. App. P. 42.3(a).

Cooper has filed a response with this Court, but he has failed to identify a final judgment or appealable order in the underlying case that supports this Court's jurisdiction over this appeal.  Because Cooper has not explained how this Court may exercise jurisdiction over this appeal, we dismiss this appeal for want of jurisdiction.

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Kelly, and Smith

Dismissed for Want of Jurisdiction

Filed:  February 27, 2020